UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| MARI GARNER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:25-cv-00971-JPH-MKK |
| | ) | |
| ADRIAN LOPEZ-HERNANDEZ, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

**I.**
**Granting *in forma pauperis* status**

Plaintiff Mari Garner's motion to proceed *in forma pauperis* is **GRANTED**.

Dkt. [2]; *see* 28 U.S.C. § 1915(a).  While *in forma pauperis* status allows Ms.

Garner to proceed without prepaying the filing fee, she remains liable for the

full fees.  *Rosas v. Roman Catholic Archdiocese of Chi.*, 748 F. App'x 64, 65 (7th

Cir. 2019) ("Under 28 U.S.C. § 1915(a), a district court may allow a litigant to

proceed 'without *prepayment* of fees,' . . . but not without *ever* paying fees.").

No payment is due at this time.

**II.**
**Show cause for subject-matter jurisdiction**

Ms. Garner's complaint alleges that during her romantic relationship and

marriage with Defendant Adrian Lopez-Hernandez, he "utilized false identities"

when applying for housing, purchasing vehicles, and litigating custody and

divorce proceedings.  Dkt. 1 at 2–3.  Ms. Garner alleges that this led to

"negative flags at the Indiana BMV, loss of the mobile home, repossession of

1

the vehicle," and her filing bankruptcy.  *Id.* at 3.  She seeks monetary damages. *Id.* at 6.

Federal courts are courts of limited jurisdiction.  In order to hear and rule on the merits of a case, a federal court must have subject-matter jurisdiction over the issues.  *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986).  If the Court determines at any time that it lacks subject-matter jurisdiction, it must dismiss the case.  Fed. R. Civ. P. 12(h)(3); *see Evergreen Square of Cudahy v. Wis. Hous. & Econ. Dev. Auth.*, 776 F.3d 463, 465 (7th Cir. 2015) ("[F]ederal courts are obligated to inquire into the existence of jurisdiction *sua sponte.*").

The Supreme Court has explained the two basic ways to establish subject-matter jurisdiction:

> The basic statutory grants of federal-court subject-matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332. Section 1331 provides for federal-question jurisdiction, § 1332 for diversity of citizenship jurisdiction. A plaintiff properly invokes § 1331 jurisdiction when she pleads a colorable claim arising under the Constitution or laws of the United States. She invokes § 1332 jurisdiction when she presents a claim between parties of diverse citizenship that exceeds the required jurisdictional amount, currently $75,000.

*Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 (2006) (cleaned up).

Ms. Garner's complaint alleges federal-question jurisdiction.  She cites 18 U.S.C. § 1028, which makes it a crime to fraudulently use an identification document.  But that is a criminal statute and does not provide a civil cause of action.  Ms. Garner's remaining claims

appear to allege violations of state law. *Id.* at 4–5 (alleging fraud and misrepresentation; intentional infliction of emotional distress; and equitable tolling and fraudulent concealment). However, a federal court may only adjudicate state-law claims under federal-question jurisdiction when there is also a properly brought federal-law claim. *See* 28 U.S.C. § 1367(a). Therefore, the Court does not appear to have federal-question jurisdiction over Ms. Garner's claims.

So, for this Court to have subject-matter jurisdiction over Ms. Garner's complaint, her complaint would have to come within the Court's diversity jurisdiction. To invoke diversity jurisdiction, the complaint must allege that Ms. Garner and Mr. Lopez-Hernandez are citizens of different states and that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332.

For diversity jurisdiction purposes, the state citizenship of a United States citizen is not based on where she resides, but the state in which she is domiciled. *Hunter v. Amin*, 583 F.3d 486, 491 (7th Cir. 2009). This is the state where she has "a permanent home and principal establishment, and to which [she] has the intention of returning whenever [she] is absent therefrom." *Dakuras v. Edwards*, 312 F.3d 256, 258 (7th Cir. 2009). A non-citizen's citizenship for diversity jurisdiction purposes depends on whether he has been admitted to the United States lawfully. If he has been lawfully admitted, his citizenship is where he's domiciled. *See* 28 U.S.C. § 1332(a)(2) ("[T]he district courts shall not have original jurisdiction under this subsection of an action between citizens of a State and citizens or subjects of a foreign state who are

lawfully admitted for permanent residence in the United States and are domiciled in the same State."); *see also Intec USA, LLC v. Engle*, 467 F.3d 1038, 1042 (7th Cir. 2006). In contrast, "[a]liens who have entered the United States illegally are not considered citizens of one of the fifty states; rather, they are still considered citizens of a foreign state." *Napoles v. Johnson*, No. 12 C 10220, 2013 WL 1943304, at *2 (N.D. Ill. May 8, 2013).

Here, Ms. Garner's complaint only alleges where she resides, not the state in which she is domiciled. Dkt. 1 at 2. And while Ms. Garner alleges that Mr. Lopez-Hernandez is a "foreign national" born in Mexico, her complaint does not specify whether Mr. Lopez-Hernandez has been lawfully admitted for permanent residence in the United States. *Id.* Therefore, the complaint as it was filed does not contain sufficient information for the Court to determine if it has diversity jurisdiction over Ms. Garner's claims.

Ms. Garner shall have **through June 27, 2025** to file an amended complaint or otherwise show cause why this case should not be dismissed for lack of subject-matter jurisdiction. In doing so, she must clearly show (1) the federal law giving rise to her claims, (2) that the parties are of diverse citizenship and the amount in controversy exceeds $75,000, or (3) another basis for the Court's jurisdiction.

If Ms. Garner does not respond, the Court will dismiss this case without prejudice for lack of subject-matter jurisdiction.

**SO ORDERED.**

Date: 5/27/2025

James Patrick Hanlon
United States District Judge
Southern District of Indiana

4

Distribution:

MARI GARNER
615 Maple Street
Columbus, IN 47201