UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| MARI GARNER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:25-cv-00971-JPH-MKK |
| | ) | |
| ADRIAN LOPEZ-HERNANDEZ, | ) | |
| COMMISSIONER OF THE INDIANA | ) | |
| BUREAU OF MOTOR VEHICLES, | ) | |
| JAMES BUBE, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER SCREENING AMENDED COMPLAINT**

On May 27, 2025, the Court ordered Plaintiff Mari Garner to show cause

why the Court had subject-matter jurisdiction over this case.  Dkt. 9.  In

response, Ms. Garner filed an amended complaint.  Dkt. 10.  The Court now

screens Ms. Garner's amended complaint.  For the reasons stated below, Ms.

Garner shall have **through August 15, 2025**, to file a second amended

complaint or otherwise show cause why this case should not be dismissed.

**I.**
**Screening Standard**

The Court has the inherent authority to screen Ms. Garner's amended

complaint.  *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999) ("[D]istrict courts

have the power to screen complaints filed by all litigants, prisoners and non-

prisoners alike, regardless of fee status.").  The Court may dismiss claims

within a complaint that fail to state a claim upon which relief may be granted.

*See id.*  In determining whether the complaint states a claim, the Court applies

1

the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).  *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).  To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  *Pro se* complaints are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers.  *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015).

## II.
## The Complaint

Ms. Garner brings claims for procedural due process, equitable tolling, and intentional infliction of emotional distress under 42 U.S.C. § 1983 against three defendants: (1) Adrian Lopez-Hernandez, her former romantic partner; (2) James Bube, an Indiana Bureau of Motor Vehicles ("BMV") investigator; and (3) the BMV Commissioner.  Dkt. 1 at 3.  She sues Mr. Bube in his individual capacity and the Commissioner in his official capacity.  *Id.*

Ms. Garner alleges that from 2009 to 2017, during her romantic relationship with Mr. Lopez-Hernandez, he used false identities to gain employment, get married, and purchase property.  *Id.* at 4.  In 2017, Mr. Lopez-Hernandez purchased a mobile home and an SUV "under [Ms. Garner's] name and credit" while using a false identity.  *Id.*  When Ms. Garner tried to register the SUV with the Indiana BMV "[b]etween 2017–2018," Mr. Bube

2

informed her that "her name had been flagged due to identity fraud." *Id.* The flag prevented her from registering the vehicle with the BMV before her temporary tags expired, resulting in the vehicle's repossession. *Id.* at 5. Ms. Garner "also lost her mobile home as a result of [a] fraudulent title application" containing one of Mr. Lopez-Hernandez's false identities. *Id.*

In June 2018, Ms. Garner filed for bankruptcy. *Id.* Upon doing so, the BMV lifted its identity fraud flag on her account. *Id.* In 2021, Ms. Garner contacted Mr. Bube to provide more information about Mr. Lopez-Hernandez's use of false identities. *Id.* Mr. Bube "responded that the matter had been passed on to the Indiana State police and was not pursued further." *Id.*

Ms. Garner seeks monetary damages and injunctive relief. *Id.* at 7–8.

### III.
### Discussion of Claims

The § 1983 claims in Ms. Garner's amended complaint are **dismissed**. Claims should be dismissed at screening when it is clear on the face of the complaint that they are barred by statutes of limitations. *See Dickens v. Illinois*, 753 F. App'x 390, 392 (7th Cir. 2018) (citing *Jones v. Bock*, 549 U.S. 199, 215 (2007)). For § 1983 claims, the statute of limitations is two years. *Johnson v. City of South Bend*, 680 F. App'x 475, 476 (7th Cir. 2017) (citing Ind. Code § 34-11-2-4; *Behavioral Inst. of Ind., LLC v. Hobart City of Common Council*, 406 F.3d 926, 929 (7th Cir. 2005)); *Serino v. Hensley*, 735 F.3d 588, 591 (7th Cir. 2013).

Here, all of the facts alleged in Ms. Garner's amended complaint occurred between 2009 and 2021. However, Ms. Garner opened this case in May 2025 and filed her amended complaint in June 2025, more than two years after the events alleged in the amended complaint. Ms. Garner pleads a count for "Equitable Tolling and Fraudulent Concealment" based on Mr. Lopez-Hernandez concealing his use of false identities, dkt. 1 at 6, but her allegations suggest she learned about these false identities in 2017 or 2018, well beyond the two-year statute of limitations. Therefore, Ms. Garner's § 1983 claims are beyond the applicable statute of limitations and therefore must be **dismissed**.

Ms. Garner also pleads a claim for intentional infliction of emotional distress "as a Constitutional Tort." *Id.* at 6–7. Intentional infliction of emotional distress is a common-law tort arising under state law. *See, e.g.,* *Indiana v. Alvarez ex rel. Alvarez*, 150 N.E.3d 206, 218 (Ind. Ct. App. 2020). As established above, all of Ms. Garner's federal-law claims brought under § 1983 must be dismissed as time-barred. A federal court may only adjudicate state-law claims under federal-question jurisdiction when there is also a properly brought federal-law claim. *See* 28 U.S.C. § 1367(a). Also, the Court does not appear to have diversity jurisdiction. *See* dkt. 1 at 3 (pleading that Ms. Garner and Mr. Lopez-Hernandez are both domiciled in Indiana). So, to the extent Ms. Garner seeks to proceed with a state-law intentional infliction of emotional distress claim, the Court would decline to exercise jurisdiction over that claim. *See RWJ Mgmt. Co. v. BP Prods. N. Am.*, 672 F.3d 476, 479 (7th Cir. 2012) (""When all federal claims in a suit in federal court are dismissed before trial,

the presumption is that the court will relinquish federal jurisdiction over any supplemental state-law claims.").

## IV.
## Conclusion

For the reasons in this Order, the amended complaint's federal claims must be dismissed, and the Court declines to exercise supplemental jurisdiction over any remaining state-law claims. Ms. Garner **shall have through August 15, 2025**, to file a second amended complaint or otherwise show cause why this case should not be dismissed. Because an amended complaint completely replaces previous pleadings, it must be a complete statement of her claims. *See Beal v. Beller*, 847 F.3d 897, 901 (7th Cir. 2017) ("For pleading purposes, once an amended complaint is filed, the original complaint drops out of the picture."). If Ms. Garner does not respond by August 15, the Court will dismiss her federal-law claims with prejudice and any remaining state-law claims without prejudice.

**SO ORDERED.**

Date: 7/22/2025

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

MARI GARNER
615 Maple Street
Columbus, IN 47201