UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| MARI GARNER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:25-cv-00971-JPH-MKK |
| | ) | |
| ADRIAN LOPEZ-HERNANDEZ, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS**

Plaintiff Mari Garner filed this action alleging that her ex-husband, Adrian Lopez-Hernandez, used false identities to purchase a mobile home and vehicle. Ms. Garner further alleges that this caused the Indiana Bureau of Motor Vehicles ("BMV") to place a fraud flag on Ms. Garner's account, which led to the repossession of her vehicle, the loss of her mobile home, and an eventual bankruptcy filing. Ms. Garner asserts that the BMV Commissioner, BMV Investigator James Bube (collectively, "State Defendants"), and Mr. Lopez-Hernandez violated her constitutional rights. The State Defendants and Mr. Lopez-Hernandez have filed motions to dismiss. Dkts. [29]; [33]. Ms. Garner has also filed a motion for leave to supplement her amended complaint with recent facts. Dkt. [51]. For the reasons below, Ms. Garner's motion to supplement her complaint is **DENIED**, and Defendants' motions to dismiss are **GRANTED.**

1

## I.
## Facts and Background

Because Defendants have moved for dismissal under Rule 12(b)(6), the Court accepts and recites "the well-pleaded facts in the complaint as true." *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011).

Ms. Garner was previously married to Mr. Lopez-Hernandez. Dkt. 15 at 3–4. From 2009 to 2017, Mr. Lopez-Hernandez used false identities to "acquire property through deception, including a mobile home and vehicle." *Id.* at 3. He also used these aliases to "manipulate and deceive multiple state court systems" during divorce and custody proceedings between himself and Ms. Garner. *Id.* at 4.

In 2017, without a formal hearing, notice, or process, the BMV flagged Ms. Garner's account for identity fraud, which prevented her from registering her vehicle. *Id.* at 5. This led to the repossession of Ms. Garner's vehicle, the loss of her mobile home, and the initiation of bankruptcy proceedings. *Id.* The BMV later lifted the fraud flag. *Id.*

In October 2021, Ms. Garner contacted BMV Investigator James Bube with evidence of Mr. Lopez-Hernandez's identity fraud and requested an investigation. *Id.* at 6. Investigator Bube declined to investigate, as the matter was already referred to the Indiana State Police. *Id.* The BMV then issued Mr. Lopez-Hernandez a driver's license in November 2023. *Id.*

Ms. Garner alleges that the Defendants violated her Fourteenth Amendment procedural due process rights, and First and Fourteenth

Amendment access-to-courts rights.  Dkt. 15 at 7–8 (second amended complaint).  She seeks monetary damages and "injunctive relief requiring the BMV to investigate and or void [Mr.] Lopez-Hernandez's state-issued identification records."  *Id.* at 14.  The State Defendants and Mr. Lopez-Hernandez have filed motions to dismiss.  Dkts. 29; 33.

## II.
## Rule 12(b)(6) Standard

Defendants may move under Federal Rule of Civil Procedure 12(b)(6) to dismiss claims for "failure to state a claim upon which relief can be granted." To survive a Rule 12(b)(6) motion to dismiss, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A facially plausible claim is one that allows "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  In other words, a complaint "must allege enough details about the subject-matter of the case to present a story that holds together," *Bilek v. Fed. Ins. Co.*, 8 F.4th 581, 586 (7th Cir. 2021), "but it need not supply the specifics required at the summary judgment stage." *Graham v. Bd. of Educ.*, 8 F.4th 625, 627 (7th Cir. 2021).

When ruling on a 12(b)(6) motion, the Court "accept[s] the well-pleaded facts in the complaint as true, but legal conclusions and conclusory allegations merely reciting the elements of the claim are not entitled to this presumption of truth."  *McCauley*, 671 F.3d at 616.  "It is enough to plead a plausible claim,

after which a plaintiff receives the benefit of imagination, so long as the hypotheses are consistent with the complaint." *Chapman v. Yellow Cab Coop.*, 875 F.3d 846, 848 (7th Cir. 2017).

### III.
### Analysis

**A. Mr. Lopez-Hernandez's motion to dismiss**

Mr. Lopez-Hernandez argues that the claims against him must be dismissed because "none of his actions violated the Plaintiff's federal constitutional rights." Dkt. 29 at 1.  Ms. Garner responds that he did violate her constitutional rights.  Dkt. 35 at 3–4.

"To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that he or she was deprived of a right secured by the Constitution or the laws of the United States, and this deprivation occurred at the hands of a person or persons acting under the color of state law." *D.S. v. East Porter Ctny. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015).  The "color of state law" requirement means that § 1983 claims cannot be based on private conduct, "no matter how discriminatory or wrongful." *Am. Mfrs. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999).

Here, while Mr. Lopez-Hernandez doesn't argue that Ms. Garner's allegations do not satisfy the "color of state law" requirement, *see* dkt. 29, the Court has inherent authority to screen Ms. Garner's complaint.  *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999) ("[D]istrict courts have the power to screen complaints filed by all litigants, prisoners and non-prisoners alike,

4

regardless of fee status.").  Ms. Garner does not allege that Mr. Lopez-Hernandez acted under the color of state law.  On the contrary, she admits that he is a "private individual."  Dkt. 15 at 3.  The claims against Mr. Lopez-Hernandez are therefore **dismissed** because Ms. Garner has not plausibly alleged that he acted under the color of state law.  *See id.*; *Sullivan*, 526 U.S. at 49–50.

### B. State Defendants' motion to dismiss

#### 1. Due process claims

 Ms. Garner alleges that the State Defendants violated her procedural due process rights on three occasions: (1) in 2017, when the BMV placed a fraud flag on her account without notice; (2) in 2021, when Investigator Bube declined to investigate Mr. Lopez-Hernandez's fraud; and (3) in November 2023, when the BMV issued Mr. Lopez-Hernandez a driver's license.  Dkt. 15 at 7–8.  The State Defendants argue that Ms. Garner's claims from 2017 and 2021 are time-barred, and that her 2023 claim fails to allege a protected property interest.  Dkt. 34 at 7–10.[1]  Ms. Garner responds that under equitable tolling or, alternatively, the continuing violation doctrine, her claim did not accrue "until 2023–24."  Dkt. 36 at 3–4.

---

[1] The statute of limitations is an affirmative defense that is typically raised in a motion for judgment on the pleadings under Rule 12(c), rather than a motion to dismiss under Rule 12(b)(6).  *See Burton v. Ghosh*, 961 F.3d 960, 964–65 (7th Cir. 2020).  But "when the face of the complaint admits all the ingredients of an impenetrable defense, the plaintiff has pleaded himself out of court, and the district court may dismiss for failure to state a claim under Rule 12(b)(6)."  *Holmes v. Marion Cnty. Sheriff's Off.*, 141 F.4th 818, 822 (7th Cir. 2025).

### a. 2017 and 2021 claims: statute of limitations

Section 1983 claims "borrow the statute of limitations for personal injury actions in the state in which the action arose." *Ghelf v. Town of Wheatland*, 132 F.4th 456, 469 (7th Cir. 2025). In Indiana, the statute of limitations for personal injury actions is two years. *Richard v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012). Federal law, however, governs the accrual date for § 1983 claims, which is "when the plaintiff has a complete and present cause of action." *Reed v. Goertz*, 598 U.S. 230, 235–36 (2023). Procedural due process claims require "(i) deprivation by state action of a protected interest in life, liberty, or property, and (ii) inadequate state process." *Id.* at 236. A procedural due process claim "is not complete when the deprivation occurs," but "is complete only when the State fails to provide due process." *Id.*

Here, Ms. Garner's 2017 claim alleges that the State Defendants did not provide adequate notice when they flagged her account for fraud, which later deprived her of property interests in her vehicle, mobile home, and financial stability. Dkt. 15 at 7. Her 2021 claim alleges a deprivation of an "opportunity to be heard and seek redress" when Investigator Bube told her that he would not investigate the fraud. *Id.* at 8. These claims were therefore "complete" and accrued in 2017 and 2021, respectively, because that is when the State Defendants failed to provide adequate notice and when Investigator Bube told her that he would not investigate. *See Reed*, 598 U.S. at 236.

That makes Ms. Garner's 2017 and 2021 claims untimely. Indeed, she doesn't dispute that these claims—standing alone—are time-barred. *See* dkt.

36 at 3–4.  Instead, she argues that the statute of limitations is tolled by the State Defendants' fraudulent concealment, or alternatively, under the continuing violation doctrine.  *Id.*

Under Indiana law, "the doctrine of fraudulent concealment is available to estop a defendant from asserting the statute of limitations when the defendant has, either by deception or by violating a duty, concealed from the plaintiff material facts, preventing the plaintiff from discovering a potential cause of action."[2]  *Logan v. Wilkins*, 644 F.3d 577, 582 (7th Cir. 2011); *see also Behavioral Inst. of Ind., LLC v. Hobart City of Common Council*, 406 F.3d 926, 932 (7th Cir. 2005) (noting in a § 1983 action that "[u]nder Indiana law, statutes of limitations may be tolled due to . . . fraudulent concealment.").  To invoke fraudulent concealment to toll the statute of limitations, Ms. Garner must "establish that the concealment or fraud was of such character to prevent inquiry, elude investigation, or to mislead the plaintiff."  *Logan*, 644 F.3d at 582 (citing *Doe v. Shults-Lewis*, 718 N.E.2d 738, 748 (Ind. 1999)).

Ms. Garner argues that the State Defendants "concealed and legitimized [Mr. Lopez-Hernandez's] fraud," dkt. 36 at 4, but her allegations show that she knew of the fraud on her account at least by 2021, when she requested that Investigator Bube investigate it.  *See* dkt. 15 at 6–8.  The doctrine of fraudulent concealment therefore cannot make these claims timely.  *See Logan*, 644 F.3d

---

[2] "In § 1983 actions tolling of the statute of limitations is governed by the forum state's tolling rules, unless those rules are inconsistent with the purposes underlying 42 U.S.C. § 1983."  *Behavioral Inst. of Ind., LLC v. Hobart City of Common Council*, 406 F.3d 926, 932 (7th Cir. 2005).

at 582 ("[I]f the facts pleaded in the complaint establish that a claim is time barred, as they do here, a bare allegation of fraudulent concealment, without more, will not save the claim.").

Ms. Garner alternatively argues that the continuing violation doctrine applies because she alleged "a course of conduct that began pre-2018 and continued into 2023–24[.]" Dkt. 36 at 3. The continuing violation doctrine applies "when the state actor has a policy or practice that brings with it a fresh violation each day." *Tobey v. Chibucos*, 890 F.3d 634, 646 (7th Cir. 2018); *see Kovacs v. United States*, 614 F.3d 666, 676 (7th Cir. 2010) (The doctrine "allows a complainant to obtain relief for a time-barred act . . . by linking it with acts that fall within the statutory limitations period.").

This doctrine does not help Ms. Garner here, however, because "when a defendant commits numerous transgressions, but each act is wrongful independent of other events, each act is considered discrete and has its own period of limitations." *Ghelf*, 132 F.4th at 470. Ms. Garner alleges that the State Defendants violated her due process rights on three distinct occasions. *See* dkt. 15 at 5–6. Her allegations indicate that she was aware her account had been flagged at the latest in 2018 when she filed for bankruptcy. *Id.* at 5; *Tobey*, 890 F.3d at 646 (continuing violation doctrine did not apply where plaintiff's claim was a "discrete incident that occurred in a defined time frame"). Though she contends that her bankruptcy filing "has had a long-lasting and negative impact," dkt. 15 at 7, those subsequent injuries were a consequence of the State Defendants' denial of process in 2017, not a continuing wrong.

*Manuel v. City of Joliet, Ill.*, 903 F.3d 667, 669 (7th Cir. 2018) ("[W]e speak of a continuing *wrong*, not a continuing *harm*; once the wrong ends, the claim accrues even if the wrong has caused a lingering injury.").

The same is true for her 2021 claim.  Investigator Bube notified her on October 5, 2021, that he would not investigate Mr. Lopez-Hernandez's actions, so she knew of any deprivation to her rights at that point.  Dkt. 15 at 6; *see Savory v. Lyons*, 469 F.3d 667, 673 (7th Cir. 2006) (finding that the State's continued refusal to provide evidence constituted a distinct act, rather than a continuing violation, because the State told plaintiff on a specific date that they would not provide the evidence).  The flagging of her account for fraud and the failure to investigate are therefore independent and discrete acts, rather than continuing actions that persisted through the BMV's issuing Mr. Lopez-Hernandez a license in 2023.  Ms. Garner's 2017 and 2021 claims must be **dismissed** on statute of limitations grounds.

### b. 2023 claim: property interest

Ms. Garner alleges that the State Defendants violated her due process rights by issuing Mr. Lopez-Hernandez a license in 2023.  Dkt. 15 at 6–7.  The State Defendants argue that this claim must be dismissed because she did not allege a protected property interest.  Dkt. 34 at 10.  While Ms. Garner argues that she had property interests in her vehicle and motor home, she does not otherwise respond to the State Defendants' argument.  *See* dkt. 36 at 6.

A plaintiff asserting a procedural due process claim "must have a protected property interest in that which [s]he claims to have been denied

without due process." *Barrows v. Wiley*, 478 F.3d 776, 780 (7th Cir. 2007). Here, Ms. Garner does not identify a protected property interest that she was denied when the State Defendants issued Mr. Lopez-Hernandez a license in 2023. *See* dkt. 15 at 5–6. The only deprivations of property interests that she alleges—interests in her vehicle, mobile home, and financial stability—occurred in 2017 and 2018, so they cannot be the basis for this claim. *See id.* This claim must therefore be **dismissed**.[3]

### 2. Access-to-courts claim

For her access-to-courts claim, Ms. Garner alleges that she suffered "ongoing obstruction of her access to fair court proceedings due to the state's continued failure to correct or acknowledge Defendant Lopez-Hernandez's fraudulent identities." Dkt. 15 at 8. "The First and Fourteenth Amendments protect the rights of individuals to seek legal redress for claims that have a reasonable basis in law and fact." *Rossi v. City of Chicago*, 790 F.3d 729, 734 (7th Cir. 2015) (citing *Christopher v. Harbury*, 536 U.S. 403, 414–15 (2002)). Prevailing on an access-to-courts claim requires "identifying (1) a non-frivolous, underlying claim; (2) the official acts frustrating the litigation; and (3) a remedy

---

[3] In April 2026, months after the motion to dismiss was briefed, Ms. Garner filed a motion for leave to file supplemental facts. Dkt. [51]. In it, she alleges that she saw Mr. Lopez-Hernandez driving a "newly acquired vehicle" in April 2026 and was informed that the vehicle was registered. *Id.* at 2. She asserts that this shows "ongoing state action," supporting her allegations "regarding inconsistent application of identity-related enforcement measures and lack of procedural safeguards." *Id.* But, like her 2023 allegation, she fails to allege or explain how the BMV's providing vehicle registration to Mr. Lopez-Hernandez violated her due process rights or what property interest was denied. Accordingly, her motion to file supplemental facts, is **DENIED** as futile. *See Glatt v. Chicago Park Dist.*, 87 F.3d 190, 194 (7th Cir. 1996).

that may be awarded as recompense but that is not otherwise available in a suit or settlement." *Jones v. Van Lanen*, 27 F.4th 1280, 1287 (7th Cir. 2022).

The State Defendants argue that this claim must be dismissed because Ms. Garner does not allege an inability to access the courts. Dkt. 39 at 6. In Ms. Garner's surreply, she clarifies that Investigator Bube frustrated her access to the courts when he "[b]locked [her] from correcting fraudulent title documents," "[p]revented access to lawful administrative channels," "[f]orced bankruptcy as the only available 'remedy,'" and "[i]nterfered with [her] ability to pursue legal correction of records[.]" Dkt. 40 at 7.

Ms. Garner therefore identifies impediments to state-agency administrative remedies. *See id.* But "the very point of recognizing any access claim is to provide some effective vindication for a separate and distinct right to seek *judicial relief* for some wrong." *Christopher*, 536 U.S. at 403 (emphasis added). Ms. Garner does not allege that the State Defendants frustrated her ability to seek judicial relief for an underlying claim. Without such an allegation, her claim must be **dismissed.** *See In re Maxy*, 674 F.3d 658, 661 (7th Cir. 2012) (affirming dismissal of access-to-courts claim because plaintiff did not identify the underlying legal claim allegedly frustrated).

Ms. Garner also requests injunctive relief under *Ex parte Young* against the BMV Commissioner to "requir[e] the BMV to investigate and or void [Mr.] Lopez-Hernandez's state-issued identification records." Dkt. 15 at 14; dkt. 36 at 2–3. *Ex parte Young* "is limited to federal-court orders granting prospective injunctive relief to prevent a continuing violation of federal law[.]" *Driftless*

11

*Area Land Conservancy v. Valcq,* 16 F.4th 508, 522 (7th Cir. 2021).  Because her complaint does not sufficiently allege an ongoing constitutional violation, injunctive relief is not available.

## IV.
## Conclusion

Ms. Garner's motion for leave to file supplemental facts, dkt. [51], is **DENIED**.  The Defendants' motions to dismiss, dkt. [29], [33], are **GRANTED.** Ms. Garner's second amended complaint is **DISMISSED with prejudice.**

Ms. Garner requests leave to amend her complaint.  Dkt. 36 at 7.  She has already amended her complaint twice, however, and further amendment appears to be futile.  *See Runnion ex rel. Runnion v. Girl Scouts of Greater Chicago & Northwest Indiana,* 786 F.3d 510, 519 (7th Cir. 2015).  She **SHALL HAVE through August 6, 2026,** to show cause why final judgment should not enter for the reasons stated in this order.

**SO ORDERED**.

Date: 7/17/2026

James Patrick Hanlon
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

MARI GARNER
615 Maple Street
Columbus, IN 47201

ADRIAN LOPEZ-HERNANDEZ
1630 Union Street
Columbus, IN 47201

All electronically registered counsel.

12